In re Zakiyya HAFEEZ, Debtor.

Zakiyya HAFEEZ, Plaintiff,

v.

Donald M. FARRA, and Home Federal Savings Bank, Defendants.

Bankruptcy No. 3–90–04263.
Adv. No. 3–91–0050.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 15, 1991.

Lester R. Thompson, Dayton, Ohio, for debtor.

Gary C. Schaengold, Dayton, Ohio, for defendant Donald M. Farra.

Katherine C. McGuire, Beavercreek, Ohio, for defendant, Home Federal Sav. Bank, fka Home Federal Sav. & Loan Ass'n.

U.S. Trustee, Columbus, Ohio.

## DECISION ON ORDER GRANTING SUMMARY JUDGMENT TO HOME FEDERAL SAVINGS BANK

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court are motions for summary judgment filed separately by the defendants, Donald M. Farra and Home Federal Savings Bank. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K)—determination of the validity, extent, or priority of liens.

### FACTS

Plaintiff/debtor, Zakiyya Hafeez, filed this adversary proceeding against the defendants, Donald M. Farra and Home Federal Savings Bank ("Home Federal"), to determine the priority of two judgment liens on her real estate. Subsequently, the defendants filed stipulations of facts and both moved for summary judgment. The agreed facts are as follows:

1) Defendant Home Federal filed a certificate of judgment against Mahboob Hafeez and the debtor, Zakiyya Hafeez, with the clerk of the Common Pleas Court of Montgomery County, Ohio, on February 27, 1990, in the amount of $ 38,572. The certificate of judgment, with respect to the debtor, contained the name "Zakiyya Hafeez";

2) On April 19, 1990, defendant Donald M. Farra filed a certificate of judgment against Mahboob Hafeez and Zakiyya Hafeez in the clerk of the Common Pleas Court of Montgomery County, Ohio, in the amount of $ 25,009. Although the promissory notes underlying Mr. Farra's judgment contained only the signature of Zakiyya Hafeez, the certificate of judgment contained the name "Zakiyya Hafeez aka Doris J. Miller";

3) The debtor had previously obtained a change of name from Doris J. Miller to Zakiyya Hafeez on April 20, 1981, in the Probate Court of Montgomery County, Ohio;

4) The real property, which is the subject of this adversary proceeding, was acquired by the debtor in 1973 and remains titled in the name of Doris J. Miller.

### CONCLUSIONS OF LAW

Although Home Federal was the first party to file its certificate of judgment, Mr. Farra takes the position that:

[T]he judgment lien of Home Federal has not attached to any real estate titled in the name of Doris J. Miller since the specific name of Doris J. Miller was not set forth as judgment debtor. For this reason, it is the position of Farra that his judgment lien should be accorded priority since his lien specifically lists Doris J. Miller as judgment debtor and the real estate is titled in that name (Doc. # 9).

Mr. Farra also maintains that:

The [Ohio] statute requires that judgment liens be indexed under the name of the judgment debtor in order to validly attach to any real property owned by the judgment debtor (*Id.*).

The initial inquiry, then, is whether the judgment lien of Home Federal attached to the real estate owned by the debtor. The relevant Ohio statute reads, in part, as follows:

Any judgment or decree rendered by any court of general jurisdiction ... within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, ... the date of rendition of the judgment, and the volume and page of the journal entry thereof.

. . . .

When any such certificate is delivered to the clerk of the court of common pleas of any county in this state, the same shall be filed by such clerk, and he shall

docket and index it under the names of the judgment creditors and the judgment debtors in a judgment docket, which shall show as to each judgment all of the matters set forth in such certificate as required by this section....

Ohio Rev.Code § 2329.02.

■ Upon reading the statute and Ohio case law, the court does not agree with Mr. Farra's assertion that *indexing* under the name of the judgment debtor must occur for a lien to validly attach. The statute provides that the judgment is a lien "from the time there is *filed* in the clerk of the court of common pleas of such county a certification of such judgment...."

> The only possible construction that can be drawn from this section is that the judgment becomes a lien from the moment that it is delivered and filed with the clerk, regardless of the time when it is docketed and indexed. Where, as here, there is no intention on the part of the legislature in the first paragraph of R.C. 2329.09 [sic] to make the docketing and indexing a condition to the existence of a lien, the filing alone is sufficient. *Maddox v. Astro Investments*, 45 Ohio App.2d 203, 207, 343 N.E.2d 133, 136 (Ohio Ct.App.1975) (emphasis in original).

The law in Ohio is quite clear that when a certificate of judgment is filed with the office of the clerk of the court of common pleas, a lien is immediately created upon the lands of the judgment debtor. *Tyler Refrigeration Equipment Co. v. Stonick*, 3 Ohio App.3d 167, 169, 444 N.E.2d 43, 45 (Ohio Ct.App.1981).

■ The more difficult question is whether the name of the judgment debtor on the certificate of judgment must be identical to the name on the real estate deed. The statute, above, requires that the "*names* of the judgment debtors" be set forth on the certificate of title and provides for a lien upon "lands and tenements of each *judgment debtor.*" Significantly, it does not say that the certificate of judgment will be a lien on all real estate in the name of the debtor; instead, the statute is simply concerned with land and tenements *of* the debtor. There is nothing in the statute to indicate that the technicalities of record title should be controlling in determining the effect of a certificate of judgment. Nor does the statute require the judgment creditor to affix other names used by a debtor.

The judgment liens herein were acquired under the provisions of Section 2329.02 et seq., Revised Code. The first of these sections, at all times when these liens were acquired, provided that the judgment should be a lien "upon lands and tenements *of each judgment debtor.*" Section 2329.03, Revised Code, provides that "lands and tenements *of a judgment debtor* shall be bound with a lien." Section 2329.07, Revised Code, dealing with dormancy of judgments, provides that under certain circumstances "such judgment shall be dormant and shall not operate as a lien *upon the estate of the judgment debtor.*" These statutory provisions confine the judgment lien, in each case, to that which actually belongs to the judgment debtor. There is nothing which extends this lien to that which belongs to anyone else, or to that which appears of record to belong to the judgment debtor. The judgment creditor's rights are limited to those provided by statute and a judgment creditor's rights as to a lien on real estate do no rise to those of a bona fide purchaser. *Sinclair Refining Co. v. Chaney*, 114 Ohio App. 538, 547, 184 N.E.2d 214, 220 (Ohio Ct. App.1961).

There is no dispute that Zakiyya Hafeez is the name of the debtor, that the debtor—by either name—is the owner of the real estate in this proceeding, and that Home Federal complied with the statutory requirement of naming the judgment debtor. This court is of the opinion that Home Federal fulfilled the literal requirements of Ohio Rev.Code § 2329.02 and would be accorded first priority by the Ohio courts unless an equitable reason exists to subordinate Home Federal's lien to that of Mr.

Farra.[1]

■ A common ground to subordinate the interest of Home Federal would be the subsequent purchase of the property by a bona fide purchaser without knowledge of the true state of affairs. As mentioned above, however, in Ohio "the law is clear that judgment lien creditors are not bona fide purchasers for value." *Basil v. Vincello,* 50 Ohio St.3d 185, 190, 553 N.E.2d 602, 607 (Ohio 1990). *See also University Associates v. Sterling Finance Co.,* 37 Ohio App.2d 17, 305 N.E.2d 924 (Ohio Ct. App.1973). Not only does Mr. Farra not possess the status of a bona fide purchaser, there is nothing in the record to indicate he detrimentally relied on the absence of a certificate of judgment in the name of Doris J. Miller (e.g., by advancing funds and taking a mortgage as security) or was misled in some manner. As is evident from his own certificate of judgment, Mr. Farra knew the debtor's current name. Aside from the timing of the filings, all that differentiates the two certificates of judgment is that one party included the designation "aka Doris Miller." The court is of the opinion that this extra detail does not legally or equitably provide a sufficient basis to place the lien of Mr. Farra ahead of Home Federal's lien.

For the foregoing reasons the motion of Home Federal for summary judgment will be sustained and the motion of Donald M. Farra will be denied.

---

1. As part of his argument that Home Federal should "not be rewarded for its failure to properly and exactly identify the judgment debtor," Mr. Farra cites the unreported case of *Fairfield Ready Mix v. Walnut Hills Associates, Ltd.,* 60 Ohio App.3d 1, 572 N.E.2d 114 (Ohio Ct.App., 1988). Mr. Farra states that:

> [T]he court held that a mechanic's lien must exactly set forth the name of the owner of the property in order to create a lien on that property. Failure to strictly adhere to this

statute renders a mechanic's lien invalid. The same rule should hold true for judgment liens (Doc. # 9).

In that case, however, the affidavit for a mechanic's lien did not set forth an additional name for the property owner. Instead, it listed the name of a completely different entity from the owner of the real estate. Here, there are not two separate entities that could have been named as the judgment debtor, but merely one person who has had two names.