KAY GEE PRODUCE COMPANY, Appellant,

v.

SALEM; Bueter et al., Appellees.

[Cite as *Kay Gee Produce Co. v. Salem* (1997), 120 Ohio App.3d 529.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 71326 and 70277.

Decided June 24, 1997.

*Lawrence S. Benjamin,* for appellant.

*McGrath, Kaufman & Hykes, LLC, Thomas R. McGrath* and *Michelle L. Tripp;* and *Michael Molnar,* for appellees Charles Bueter, Mary Dynes and Bank of America, F.S.B.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James E. O'Brien,* Assistant Prosecuting Attorney, for appellee Francis Gaul, County Treasurer.

---

Patricia Ann Blackmon, Presiding Judge.

Kay Gee Produce Company ("Kay Gee"), plaintiff-appellant, appeals a trial court's summary judgment in favor of Sam Salem, a.k.a. Seleem Salem ("Seleem Salem"), Enam Salem, Mary Dynes, Charles Bueter, and Francis Gaul, defendants-appellees. Kay Gee filed a foreclosure action on property of Salem, which property had been sold to Dynes and Bueter. Kay Gee claimed to have a valid

judgment lien against the property and the judgment was not satisfied at the time of sale. In their summary judgment motion, the defendants-appellees argued that the judgment lien was filed under the name "Sam Salem," which was insufficient to give notice of the lien since the property was listed to Seleem Salem and any search of the records would have been for the name Seleem Salem. We conclude Kay Gee's filing of its judgment lien under the name "Sam Salem" did not give sufficient notice of the lien, and the trial court correctly granted summary judgment. Therefore, we affirm.

Kay Gee assigns the following three errors for our review:

"I.    The court below committed reversible error in granting defendant–appellant's [sic] motion for summary judgment where the evidence which was to be construed most strongly in favor of plaintiff–appellant left questions of material fact, or, in the alternative, left no questions of material fact, but that the contentions of defendants–appellees were not proven [sic].

"II.    The court below committed reversible error in denying plaintiff–appellant's motion for summary judgment contrary to the provisions of Civ.R. 56.

"III.    The court below committed reversible error when it overruled plaintiff–appellant's motion for relief from judgment."

On March 13, 1995, Kay Gee filed a foreclosure complaint against Seleem Salem.[1]  In the complaint, Kay Gee alleged that Seleem Salem failed to satisfy a September 14, 1990 agreed judgment requiring him to pay Kay Gee a total of $41,500.  As part of the judgment, Kay Gee placed a lien against Seleem Salem's house at 3811 West Valley Drive in Fairview Park. On October 4, 1994, Seleem Salem sold the house to Mary Dynes and Charles Bueter without satisfying the debt owed to Kay Gee. Kay Gee sought to recover on the judgment through seizure and sale of the real estate.

Bueter, Dynes, and Bank of America moved for summary judgment, alleging that Kay Gee's lien was invalid because it was filed under Salem's sobriquet "Sam" Salem, instead of his legal name "Seleem" Salem.  In response to the summary judgment motion, Kay Gee argued that a judgment lien attaches to a person rather than to a name.  In a February 6, 1996 journal entry, the trial court granted a default judgment against Seleem Salem, Omni Financial, Lakeland Mental Health Serv., Inc., and the state of Ohio. The court also granted summary judgment in favor of Bueter, Dynes, and Bank of America.

---

1.    The complaint also named Sam Salem's wife, Enan Salem, Mary Dynes, Charles Bueter, Francis Gaul, Bank of America, F.S.B., Omni Financial, Inc., Lakeland Mental Health Serv., Inc., and the state of Ohio. Omni Financial was later replaced with First American Title Insurance Company.

On February 26, 1996, Kay Gee appealed the trial court's summary judgment (case No. 70277). On May 31, 1996, Kay Gee filed a motion to stay the proceedings and remand to the trial court for consideration of its Civ.R. 60(B) motion. The motion was originally denied, but was granted upon Kay Gee's motion for reconsideration.

On August 14, 1996, Kay Gee filed a motion for relief from judgment due to newly discovered evidence. The evidence was described as a power of attorney given by "Sam Salem, aka Saleem [sic, Seleem] Salem" to Joseph Salem. Kay Gee alleged that it had discovered the power of attorney while investigating other properties owned by Sam Salem, a.k.a. Seleem Salem. The court denied the motion, noting that it was disingenuous of Kay Gee to argue that the title company should have discovered the power of attorney in its title search while admitting that Kay Gee did not discover the document until several months after summary judgment was granted in the case. This appeal followed.

█ The issue before us is whether the trial court correctly found that Kay Gee's judgment lien was improperly filed. Kay Gee in its first and second assignments of error argues that the judgment lien was properly filed despite the fact that it used Seleem Salem's sobriquet "Sam." Also, it argues that the title company should have noticed the use of Sam Salem as Seleem Salem's sobriquet. We disagree. This court has held that "where an incorrect name is recorded pertaining to a judgment lien, such lien is not duly recorded, and will not be noticed to a subsequent purchaser without actual notice." *Klang v. Majkrzak* (Feb. 8, 1990), Cuyahoga App. No. 56539, unreported, 1990 WL 9927. In *Klang*, we concluded that, during a search for liens against real estate owned by "Sciulli," a lien filed under the name "Ciulli" would not be discovered even by the most diligent title examiner. Accordingly, we concluded that the lien as filed was not sufficient to constitute notice to a subsequent purchaser.

The facts of this case indicate that as in *Klang*, even the most diligent title examiner would not have discovered the lien held by Kay Gee against Seleem Salem. Kay Gee argues that the power of attorney filed in January 1990 was evidence that Sam Salem and Seleem Salem are the same person. Even if we accept its argument as true, the fact remains that Kay Gee did not discover the power of attorney until May 20, 1996. In its motion for relief from judgment, Kay Gee claims that it could not have discovered the document earlier through due diligence. Accordingly, we must reject Kay Gee's argument that the failure of the buyers' title examiner to discover the lien raises a genuine issue of fact as to the examiner's diligence. Besides, the title company was not named as a party to the suit. However, Kay Gee argues that we should rely on *In re Hafeez* (1991), 133 B.R. 419.

The *Hafeez* case is distinguishable from this case because, in *Hafeez,* the purchaser had actual notice of the lien in question. In this case, the purchasers were unaware of the lien at the time the property was transferred. Because Kay Gee failed to present any evidence that appellees knew about the lien or should have discovered it through reasonable diligence, the trial court properly granted summary judgment in favor of appellees. Kay Gee's first and second assignments of error are overruled.

In its third assignment of error, Kay Gee challenges the trial court's denial of its Civ.R. 60(B) motion for relief from judgment. To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 88, 351 N.E.2d 113, 115–116. A trial court's decision on a motion for relief from judgment will be upheld unless the trial court's ruling is determined to constitute an abuse of discretion. *Wiley v. Natl. Garages, Inc.* (1984), 22 Ohio App.3d 57, 64, 22 OBR 153, 161–162, 488 N.E.2d 915, 923–924.

Kay Gee alleged that it was entitled to relief from the trial court's judgment due to newly discovered evidence—the power of attorney. However, the power of attorney merely demonstrated that "Sam Salem" was also known as "Saleem Salem." As a preliminary matter, we must note that Dynes and Bueter purchased property from "Seleem Salem," a name which matches neither of the names on the power of attorney. Even if we ignore the difference in spelling and conclude that the power of attorney shows that Sam Salem and Seleem Salem are the same person, this fact was stipulated to by the parties before trial; therefore, the power of attorney is not "new" evidence but merely cumulative evidence. See *Holden v. Ohio Bur. of Motor Vehicles* (1990), 67 Ohio App.3d 531, 540, 587 N.E.2d 880, 885. Kay Gee's third assignment of error is overruled.

*Judgment affirmed.*

Karpinski and Abood, JJ., concur.

Charles D. Abood, J., retired, of the Sixth Appellate District, sitting by assignment.