OPINION
The State of Ohio, Department of Taxation, is appealing from the grant of summary judgment by the Common Pleas Court of Butler County, Ohio, to Kathryn P. Padgett quieting title to certain real estate in which she held an equitable interest, conveying the legal title of that real estate to her, and ordering that certain liens, including four filed by the Ohio Department of Taxation, cannot be levied upon the said real estate. The facts, issues, and the reasoned resolution of this matter by the Common Pleas Court are set forth in its judgment entry which we incorporate herein and approve as part of the decision of this court, as follows:
 Plaintiff, Kathryn P. Padgett, moved this Court for Summary Judgment on the issue of Gordon A. Padgett's failure to execute a quit claim deed on certain real property located at 1916 Harrowgate Hill Lane, Fairfield, Ohio, pursuant to a divorce decree and separation agreement. Plaintiff further requests this Court to order, as a matter of law, the title to said property quieted as to all liens at issue in the case herein. Defendants, the State of Ohio and Home Federal Bank, have responded to said motion. The motion is submitted pursuant to Local Rule 3.06.
 The Court has considered the memoranda of counsel pro and contra, the Divorce Decree and attached Separation Agreement, and the respective affidavits.
BACKGROUND
 Plaintiff, Kathryn Padgett, and her former husband, Gordon Padgett, were divorced on March 31, 1988. Pursuant to said divorce, the Domestic Relations Court in Case No. DR87-09-1541 filed a Judgment entry and Decree of Divorce, said entry and decree adopting as its order the Separation Agreement entered into between each of the respective parties. In accordance with the Separation Agreement, Gordon Padgett was ordered to convey his interest in the real property located at 1916 Harrowgate Hill Lane, Fairfield, Ohio, (hereinafter "the Harrowgate Property"). Said conveyance never occurred. Consequently, certain judgment liens have been placed on said property subsequent to the Decree of Divorce being filed in Case No. DR87-09-1541. These judgment liens are as follows:
 1. JD92-01-0182 resulting from Case No. CV91-04-0517; Home Federal Bank v. Nilles Road Investments, Richard F. Banker, William T. Burkhart and Gordon Padgett. Judgment was obtained on September 3, 1991, and certified on January 30, 1992, in the amount of $336,804.89 plus ten percent (10%) interest from July 9, 1991, plus $250 in costs.
 2. JD92-03-0655 resulting from Case No. CV91-04-0517; Home Federal Bank v. Nilles Road Investments, Richard F. Banker, William T. Burkhart and Gordon Padgett. Judgment was obtainment on February 28, 1992, and certified on March 24, 1992, in the amount of $123,593.25 plus ten percent (10%) interest from January 16, 1992.
 3. JD93-09-1541 resulting from Case No. 93CV-17293 (Hamilton County Municipal Court); R.O. Hahn, Inc. v. Gordon Padgett and Gordon Padgett Trucking. Judgment was obtained on September 24, 1993, and certified on September 27, 1993, in the amount of $1,170 plus ten percent (10%) interest from June 29, 1993 plus $70 in costs.
 4. JD94-11-2684 and WT94-11-1205; Department of Taxation, State of Ohio v. Gordon A. Padgett and Juanita Nicely. Judgment was obtained and certified on November 7, 1994, in the amount of $1,531.61.
 5. JD90-09-1584 and WT90-09-0260; Department of Taxation, State of Ohio v. Gordon A. Padgett. Judgment was obtained and certified on September 14, 1990, in the amount of $84,756.90.
 6. JD92-06-1482 and WT92-06-0390; Department of Taxation, State of Ohio v. Gordon A. Padgett. Judgment was obtained and certified on June 30, 1992, in the amount of $2,499.50.
 7. JD93-10-1754 and WT93-10-0366; Department of Taxation, State of Ohio v. Gordon A. Padgett. Judgment was obtained and certified on October 25, 1993, in the amount of $2,038.04.
 8. Personal property tax lien against Gordon A. Padgett recorded on February 27, 1992, at Volume 64, Page 243, Butler County Lien Records in the amount of $1,121.02.
 APPLICABLE LAW
Summary judgment is appropriate in a case when there is no genuine issue of any material fact, the moving party is entitled to judgment as a matter of law and reasonable minds can come to but no conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
Upon a Motion for Summary Judgment, the moving party must establish that the material facts are not in dispute and that no genuine issue of fact exists. Van Fossen v. Babcock Wilson Co. (1988), 36 Ohio St.3d 100, 117.
 DISCUSSION
This Court relies upon the Ohio Supreme Court's decision in Basil v. Vincello (1990), 50 Ohio St.3d 185. In Basil, Vincello and Teague agreed to convey their interest in certain real property to Perrico and Slowey. Id. At 189. Perrico and Slowey paid Vincello and Teague the full consideration of $50,887.00. Id. However, Perrico and Slowey failed to receive title to the real property in exchange for the agreed consideration. Id. The cause of action in Basil arose when Basil Trust, a judgment creditor, attempted to marshal and foreclose a judgment lien upon the Vincello and Teague property. Id.
Because Perrico and Slowey never obtained actual title to the real property in question, there was a question of whether they had an interest in the property dominant to the judgment creditor. In the case herein, Gordon Padgett never conveyed title to the Harrowgate Property. Thus, there is a question of whether Kathryn Padgett has an interest in the Harrowgate Property dominant to the defendant judgment creditors in the case herein.
To solve these problems, the "courts have created an equitable interest in the purchaser as having a cause of action for breach of an executory contract or as having a `vendee's lien' over the property itself." Id. "The `lien' is based on the assumption that the vendor still holds the legal title, either because he has never conveyed it or because some act has been committed which justifies rescission of the contract and return of the purchase price." Id. Therefore, Kathryn Padgett has an equitable interest in the Harrowgate Property which is still titled to Gordon Padgett. See, Id.
Despite Kathryn Padgett having an equitable interest in the Harrowgate Property, this Court must still look to Ohio Revised Code Sec. 5301.25 which provides for the recording of instruments for the conveyance or encumbrance of lands. R.C. Sec. 5301.25(A) provides in part:
 All deeds . . . and instruments of writing properly executed for the conveyance or encumbrance of lands . . . shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of the purchase, no knowledge of the existence of such former deed or land contract or instrument.
R.C. Sec. 5301.25.; See also, Basil, 50 Ohio St.3d, at 189-90. "This statute is designed to protect subsequent bona fide purchasers of property." Basil, 50 Ohio St.3d, at 190. However, "judgment lien creditors are not bona fide purchasers for value." Id. The defendants in this case are judgment lien creditors. Thus, pursuant to the Ohio Supreme Court's decision in Basil, it is clear that the defendants in the case herein are not bona fide purchasers for value.
Nevertheless, Kathryn Padgett's equitable interest in the Harrowgate Property could be defeated through a showing of fraud. Id. at 190. This Court, however, has found no evidence that a fraud has been committed upon the defendants in the case herein by reason of Kathryn Padgett's failure to enforce the terms of the Separation Agreement. Thus, this Court finds that Kathryn Padgett has an equitable interest in the Harrowgate Property which is still titled to Gordon Padgett.
This does not end our analysis, however. We must now consider the issue of priority. "R.C. 5301.03 is a notice statute which permits creation of an equitable interest, and does not protect judgment creditors who have not relied upon the existence and/or ownership of the subject real estate in the extension of credit." Id. at 191.; citing, Bank One of Milford v. Bardes (1986), 25 Ohio St.3d 296, 297-298.
Further, R.C. Sec. 2329.01 provides:
 Lands and tenements, including vested legal interests therein, permanent leasehold estates renewable forever, and goods and chattels, not exempt by law, shall be subject to the payment of debts, and liable to be taken on execution and sold as provided in sections 2329.02 to 2329.61, inclusive, of the Revised Code.
The predecessor form of this statute was G.C. 11655. G.C. 11655 was construed by the Ohio Supreme Court in Culp v. Jacobs (1930), 123 Ohio St. 109. According to the Court, the statute "was enacted to specifically limit the interest in lands and tenements liable to be taken on execution solely to `vested legal interests.'" Basil, 50 Ohio St.3d, at 191 (referring to its previous decision in Culp). To permit otherwise would be contrary to the meaning of the statute. Id. An "equitable [interest] in real estate cannot be levied upon and sold under execution." Id.
 CONCLUSION
It is the judgment of this Court that Kathryn Padgett has an equitable interest in the real property located at 1916 Harrowgate Hill Lane, Fairfield, Ohio, which is still titled to Gordon Padgett. Also, it is the judgment of this Court that Ms. Padgett's equitable interest cannot be levied upon by any lien obtained after March 31, 1988. Therefore, the following liens cannot be levied upon Ms. Padgett's equitable interest in the real property located at 1916 Harrowgate Hill Lane, Fairfield, Ohio:
 1. JD92-01-0182 resulting from Case No. CV91-04-0517; Home Federal Bank v. Nilles Road Investments, Richard F. Banker, William T. Burkhart and Gordon Padgett.
 2. JD92-03-0655 resulting from Case No. CV91-04-0517; Home Federal Bank v. Nilles Road Investments, Richard F. Banker, William T. Burkhart and Gordon Padgett.
 3. JD93-09-1541 resulting from Case No. 93CV-17293 (Hamilton County Municipal Court); R.O. Hahn, Inc. v. Gordon Padgett and Gordon Padgett Trucking.
 4. JD94-11-2684 and WT94-11-1205; Department of Taxation, State of Ohio v. Gordon A. Padgett and Juanita Nicely.
 5. JD90-09-1584 and WT90-09-0260; Department of Taxation, State of Ohio v. Gordon A. Padgett.
 6. JD92-06-1482 and WT92-06-0390; Department of Taxation, State of Ohio v. Gordon A. Padgett.
 7. JD93-10-17540 and WT93-10-0366; Department of Taxation, State of Ohio v. Gordon A. Padgett.
 8. Personal property tax lien against Gordon A. Padgett recorded on February 27, 1992 at Volume 64, Page 243, Butler County Lien Records in the amount of $1,121.02.
It is further judgment of this Court that this Court's decision in the case herein does not dispose of Case No. CV96-12-2315, said case being captioned Home Federal Bank v. Gordon A. Padgett and Kathryn P. Padgett. Case No. CV96-12-2315 is a foreclosure action and was consolidated with the case herein on May 20, 1997. The issues in CV96-12-2315 will be disposed of by this Court separately. This decision is fact specific to the liens listed herein.
Therefore, it is the order of this Court that the plaintiff, Kathryn P. Padgett's, Motion for Summary Judgment is well-taken and is hereby GRANTED.
It is the further order of this Court that the filing of this judgment entry with the Butler County Recorder, pursuant to Ohio Revised Code Sec. 5301.25, will act as a conveyance from Gordon A. Padgett to Kathryn P. Padgett, free of any claim of Gordon A. Padgett, as to the following Real Property:
 Situated in the County of Butler in the State of Ohio and in the City of Fairfield being Entire Lot numbered Eight Thousand One Hundred Sixty-Five (8165) as the same is known and designated upon the plat of Rolling Hills Subdivision, Section 14, Block B, situated in the City of Fairfield, Butler County, Ohio, recorded as Plat Number 758B of the Butler County, Ohio, Plat Records and being subject to easements and set back lines as shown on the plat of said subdivision and subject to all other easements, conditions and restrictions of record.
 Commonly known as 1916 Harrowgate Hill Lane, Fairfield, Ohio 45014.
 Prior Instrument Reference Col. 1296 Page 553 of the Deed Records of Butler County, Ohio.
 This Court further finds that there is no just reason for delay and, therefore, the judgment entry herein is a final appealable order as to the Court's rulings on the Plaintiff Kathryn Padgett's Motion for Summary Judgment.
We first note that the interest of Home Federal Bank as mortgagee has already been satisfied in its foreclosure action pursuant to a judgment and decree of foreclosure granted September 29, 1997. Home Federal Bank is not a party to this appeal, which was filed only by the Department of Taxation, State of Ohio.
As to the merits, we find that Judge Anthony Valen's reliance upon the Supreme Court case of Basil v. Vincello (1990), 50 Ohio St.3d 185
is well taken. In Basil, the Supreme Court clearly held that equitable interests in real estate cannot be levied upon or sold under execution, and that judgment lien creditors are not bona fide purchasers for value. (Syllabus 1 and 2). Basil has been subsequently relied upon and quoted as the accepted law in Ohio. See Cataba West, Inc. v. Domo (1991),75 Ohio App.3d 80; Glick v. Dolin (1992), 80 Ohio App.3d 592, 599
("It is well established that equitable interests cannot be levied upon or sold under execution"); In re: Hafeez (Bankruptcy Southern District of Ohio 1991), 133 B.R. 419, 422 (In Ohio, ". . . the law is clear that judgment lien creditors are not bona fide purchasers for value," citing Basil.) 19 University of Dayton Law Review 570 (2, 1994). This Court of Appeals has itself recognized the validity and authority of Basil. Thornton v. Guckiean Co., Inc. (1991), 77 Ohio App.3d 794, 798.
It is immaterial that the plaintiff's former husband failed to execute and file a quit claim deed, as required by the divorce decree. The recording of the divorce decree itself, which incorporated the separation agreement, was notice to the world of the plaintiff's interest in the property, and the applicability of that ancient maxim "equity considers as done that which ought to be done" or "equity looks upon things agreed to be done as actually done" is apparent here. 41 Ohio Jurisprudence 3d (1983) Equity, Section 64.
The appellant presents in opposition to the trial court's judgment only a single unreported case. Fisher v. Fisher (Jan. 3, 1995), Muskingum App. No. CT93-51, unreported. That case, being unreported, is not authority as against the reported Supreme Court Basil decision. Moreover, the only issue presented to the Court of Appeals in Fisher was whether a constructive trust should have been imposed on real estate under facts which were somewhat similar to the facts in the instant case. The court in Fisher found that a constructive trust is primarily an appropriate remedy against unjust enrichment and is usually invoked when property has been acquired by fraud. Finding no fraud in Fisher, the Fifth District Court of Appeals did not find that equity mandated a constructive trust in that case. The court in Fisher did not refer to the Supreme Court's rulings in Basil. We find the Fisher case unpersuasive and of no authority in the instant case which is clearly governed by the Supreme Court's decision in Basil, supra.
The assignment of error raised by the appellant, that the grant of summary judgment to the plaintiff was error, is overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.
Young, P.J., Fain and Grady, JJ., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.