**Holden**
v.
**Ohio Bureau of Motor Vehicles**
*[Cite as 3 AOA 233]*

*Case No. 89CA004569*
*Lorain County, (9th)*
*Decided May 30, 1990*

*Daniel A. Cook, Attorney at Law, 209 Sixth St., Lorain, OH 44052, for Plaintiff.*

*Christopher B. McNeil, Asst. Attorney General, 30 E. Broad St., 10th Floor, Columbus, OH 43266, for defendant.*

BAIRD, J.

This cause came before the court upon the appeal of the State of Ohio, Bureau of Motor Vehicles (BMV), from the judgment of the Lorain County Court of Common Pleas awarding attorney's fees to the appellee, Genowefa Holden.

BMV suspended Holden's license upon receiving an abstract of conviction from the municipal court that mistakenly indicated that Holden had been convicted of leaving the scene of the accident. Holden had actually pleaded no contest to the lesser offense of failure to control her automobile, an offense which does not involve automatic suspension under R.C. 4509.31 or under R.C. 4507.16. Pursuant to R.C. 119.12, Holden appealed her suspension to the court of common pleas. When BMV received the complete record of Holden's conviction, it immediately reinstated her license and moved for dismissal of her appeal as moot.

After the common pleas court dismissed the appeal, Holden filed a motion for attorney's fees with the court. The court found that BMV failed to prove by a preponderance of the evidence that it was substantially justified in initiating the notice of suspension, that special circumstances existed to make the award unjust, or that Holden had unduly protracted the resolution of the appeal. The court awarded Holden $900 in fees.

BMV appealed the award to this court and also filed a Civ. R. 60(B) motion to vacate the award in the trial court. We stayed the appeal and remanded the case to the trial court for a ruling on the motion to vacate. The lower court denied the motion. BMV assigns as error the award of fees as well as the lower court's denial of its Civ. R. 60(B) motion.

*ASSIGNMENT OF ERROR I*

"The court erred in awarding fees under R.C. 2339.35 (sic) when (1) the record reflected the BMV had what appeared to be reliable evidence that the driver has been convicted of leaving the

scene of an accident, and (2) where special circumstances were shown that established the municipal court clerk had erroneously filed proof of the conviction with the BMV, and (3) where the record submitted the driver establishes that Appellant engaged in conduct during the course of her appeal which duly or unreasonably protracted its resolution."

In BMV first assignment of error, it claims that, despite the ample evidence in the record that supported the statutory defenses of substantial justification , special circumstances, and unreasonable delay, the trial court erroneously awarded fees to Holden. Before we address the merits of the appeal, this court must respond to Holden's assertion that BMV does not have the right to appeal.

A right to appeal is conferred by constitution or statute. *In re Mahoning Sanitary Dist.* (1954), 161 Ohio St. 259, paragraph two of the syllabus. Article IV, Section 3(A)(2) of the Ohio constitution imbues the appellate courts with:

"* * *[S]uch jurisdiction as may be provided by lay to review and affirm, modify. or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies.

"* * *."

R.C. 2505.03 provides for an appeal from every final order, judgment or decree of a court:

"(A) Every final order, judgment, or decree of a court and when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever had jurisdiction.

"* * *."

Holden argues that R.C. 2335.39, which sets forth the procedure for recovering attorney's fees against the state, does not give the state the right to appeal. The pertinent section of the statute reads:

"* * *."

"An order of a court considering a motion under this section is appealable as in other cases, by a prevailing eligible party that is denied an award or receives a reduced award. The order of the court may be modified by the appellate court only if it finds that the failure to grant an award, or the calculation of the amount of an award, involved an abuse of discretion.

"* * *." R.C. 2335.39(B)(2)(b).

According to Holden, the language of the statute grants a right of appeal only to the prevailing eligible party, which by definition cannot be the state.

While R.C. 2335.39 provides that the prevailing eligible party may appeal from a denial of an award or a reduction in the amount of the award, the statute is silent as to the state's right to appeal. We decline to view this silence as an expression of the legislature's intent to strip the state of the right to appeal that R.C. 2505.03 grants to any party who is aggrieved by a final order of the court of common pleas. See *Davis* v. *State Personnel Bd of Review* (1984), 20 Ohio App. 3d 150. If the party was appealing from an administrative order the court of common pleas, R.C. 2505.03 would require a different result, for it does not provide for a general right to appeal a order made in an administrative proceeding. As is stated in R.C. 2505.03 (A), only "when provided by law" does a party to an administrative proceeding have a right to appeal. It would be logical, then, to require that there be an express statutory grant of jurisdiction before an appeal can be brought to the court of common pleas. In contrast, the appeal in the case *sub judice* is expressly provided for under R.C. 2505.03, for the state is appealing the award of attorney's fees granted by the common pleas court. Thus R.C. 2505.03, read in conjunction with R.C. 2335.39, gives the court jurisdiction to entertain the state's appeal.

R.C. 2335.39 is an abrogation of the common law doctrine of sovereign immunity, which *inter alia* protected the government from paying attorney's fees. It would seem unfair, then, that the legislature intended to permit the depletion of the state's coffers without providing it with a means of contesting such a depletion. Based upon the language employed in R.C. 2335.39 and R.C. 2505.03, and the policy behind enacting R.C. 2335.39, we hold that the state may appeal to this court an award of attorney's fees granted by the court of common pleas under R.C. 2335.39.

We next turn to determining the scope of our appellate review. R.C. 2335.39 states that an order of the court may be modified by the appellate court if it finds that the failure to grant the award or the calculation of the amount of the award involved an abuse of discretion. Because the attorney's fees statute speaks to our scope of review only in a limited sense, we turn to R.C. 2505.02 for further guidance. Pursuant to R.C. 2505.02 we have the authority to review the

award as a final order and do any of the following: affirm, modify, or reverse.

Upon the filling of a motion of fees in the court of common pleas by the prevailing eligible party:

"* * *[T]he court shall review the request for the award of compensation for fees and determine *whether the position of the state in initiating the matter in controversy* was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action on appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. * * *." R.C. 2335.39(B)(2). (Emphasis added.)

A prerequisite, then, for the recovery of fees, is that the state must initiate "the matter in controversy." What constitutes "the matter in controversy" has been discussed by the Franklin County Court of Appeals in *Highway Valets, Inc.* v. *Ohio Dept. of Transp.* (1987), 38 Ohio App. 3d 45, 47. In that case the Ohio Department of Transportation revoked the certification of a business as a particular type of enterprise. The business sued in the court of claims for a temporary injunction to maintain its certification. The court granted the temporary injunction and ordered the department to hold an administrative hearing. The hearing officer recommended that the department deny certification. The business then sought a permanent injunction in the court of claims, which was granted. The department unsuccessfully appealed to the court of appeals. The business then filed a motion for attorney's fees in the court of claims.

The court of claims denied the motion, ruling that only when the state brings the suit does the litigant have a right to fees. The court of appeals agreed with the court of claims that the matter in controversy was not the administrative action of the department but was the action in the court of claims. *Id.* at 47. Because the business and not the state initiated the court of claims proceedings, (the matter in controversy it could not recover attorney's fees. *Id.*

The applicability of *Highway Valets, Inc.* v. *Ohio Dept. of Transp., supra,,* to the case at bar is doubtful. Its holding -- that R.C. 2335.39 contemplates situations where the state is the initiating party of the lawsuit -- does not take into consideration the situation where a party appeals from an agency order to the court of common pleas under R.C. 119.12. In the latter situation, "the matter in controversy" is the action taken by the

agency that resulted in an administrative order that is the subject of the appeal. Thus the party who prevail in the appeal of an administrative order to the court of common pleas may bring a R.C. 2335.39 motion to recover attorney's fees in that court. The express language of R.C. 2335.39 recognizes the right of a prevailing eligible party who is appealing an agency adjudication order under R.C. 119.12 to an award of fees:

"* * *.

"*If compensation for fees is awarded under this section to a prevailing eligible party that is appealing an agency adjudication order pursuant to section 119.12* of the Revised Code, it shall include the fees incurred in the appeal and, if requested in the motion, the fees incurred by the party in the adjudication hearing conducted under Chapter 119. of the Revised Code. A motion containing such a request shall itemize, in the manner described in division(B)(1)(e) of section 119.092 of the Revised Code, the fees, as defined in that section, that are sought in an award.

"* * *." R.C. 2335.39(D). (Emphasis added.)

As shown above, the meaning of the phrase "the matter in controversy" differs depending upon whether the motion for fees is brought pursuant to a civil action or brought pursuant to a R.C. 119.12 administrative appeal. This court holds that R.C. 2335.39 contemplates an award of fees to a prevailing eligible party who appeals an administrative order to the court of common pleas. Contra *Costa* v. *Ohio Bur. of Emp. Serv.* (June 8, 1989), Cuyahoga App. No. 56448, unreported.

The motion for attorney's fees being properly before the court, we turn to reviewing the decision of the common pleas court to award fees to Holden. Because Holden moved for fees within the context of a R.C. 199.12 appeal, we look to that statute for our standard of review. R.C. 119.12 in pertinent part provides:

"* * *.

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and

determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.

"* * *."

Under the statute, the agency has the right to appeal questions of law pertaining to state statutes as well as rules and regulations that were promulgated by the agency. *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229. Upon acquiring jurisdiction over questions of law, the appellate court also has jurisdiction to review whether the lower court's decision was supported by the evidence. See *Miller* v. *Dept. of Indus. Relations* (1985), 17 Ohio St. 3d 226.

Having addressed the issues concerning the construction and interpretation of R.C. 2335.39, we focus our discussion on the correctness of the lower court's award of fees. We are limited in our review to determining whether the court of common pleas abused its discretion. See *Lorain City Bd. of Edn.* v. *State Emp. Relations Bd.* (1988), 400 Ohio St., 3d 257, 261.

From our review of the record, this court concludes that the court of common pleas abused its discretion in awarding fees to Holden because the state proved that its position in suspending Holdens' license was substantially justified. R.C. 2335.39(B)(2) (a) provides that if the court finds that the states has sustained its burden of proof that its position in initiating the matter in controversy was substantially justified, the court shall deny the motion for fees.

The following undisputed facts are contained in the record. Holden was originally charged with leaving the scene of the accident and failure to control her vehicle. She pleaded not guilty and her case was set for an October 4,1988, trial date. On October 4, 1988, as part of a plea arrangement, Holden pleaded no contest and was found guilty of the lesser offense of failure to control. The clerk of the municipal court prepared an abstract of the record that incorrectly noted that Holden had plead no contest to an was convicted of leaving the scene of the accident. By statute, conviction of such an offense requires automatic suspension. The abstract of the record was mailed to BMV and, upon receiving it on November 9, 1988, the agency suspended Holden's license. On November 14, 1988, the municipal court issued a journal entry correcting the court clerk's error and reinstating Holden's license.

BMV had notice of the error five days after it had suspended Holden's license. Because the only information it had at the time it suspended Holden's license was the abstract of the record, which was incorrect, BMV was justified in suspending Holden's license. The trial court should have found, upon review of the evidence, the state had proven it was substantially justified in suspending Holden's license. Appellant's first assignment of error is well taken.

### ASSIGNMENT OF ERROR II

"Where issues of fact were raised for the first time by allegations made in Appellant's brief in support for her motion for attorney fees, the court erred in denying BMV's motion pursuant to Civ. R. 60(B) to admit evidence of Holden's license, it had before it as its sole record a court pleading which on its face showed that Holden had been convicted of leaving the scene of a accident."

This court addresses to our appellant's second assignment of error pursuant to our responsibility under App. R. 12 to pass upon all the assignments of error. BMV claims that the trial court erred in denying its Civ. R. 60(B) motion. We are limited in our scope of review, however, to deciding whether the trial court abused its discretion. *Adomeit* v. *Baltimore* (1974), 39 Ohio App 2d 97, 103.

BMV alleged in its Civ. R. 60(B) motion that the award of attorney's fees should be vacated based on two items of evidence that were not presented to the court prior to its decision. The first was a letter dated April 11, 1989, from the deputy clerk of municipal court in which the clerk acknowledge the original error on the abstract of the record that was sent to BMV. The second was a better copy of the abstract court record upon which BMV relied when it suspended Holden's license.

Apparently, BMV was alleging as grounds for its motion that the letter and copy of the abstract constituted newly discovered evidence pursuant to Civ. R. 60(B)(2). The rule requires the movant to show that the newly discovered evidence could not have been discovered by due diligence in time to move for a new trial. The rule has been construed by the courts to place upon the moving party the burden of demonstrating:

"* * *(1)that evidence was actually 'newly discovered'; that is. it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result. See *United States* v. *Walus*, 616 F. 2d 283, 287-88 (7th Cir. 1980); *Ag Pro, Inc.*

v. *Sakraida,* 512 F. 2d 141, 143 (5th Cir. 1975), rev'd *on the grounds,* 425 U.S. 273, 96 S.Ct. 1532, 47 L.ED.2d 784 (1976); 11 *Wright & Miller, Federal Practice and Procedure: Civil* section 2859 (1973).

"* * *." *Warner* v. *Transamerica Ins. Co.* (C. A. 8, 1984), 739 F. 2d 1347, 1353.

Neither the letter nor the copy of the abstract of the record is "newly discovered" for purposes of Civ. R. 60(B)(2). The copy of the abstract of the record was available prior to the court's award of attorney's fees, for it was used by BMV to suspend Holden's license. Although the letter is dated after the court's award, the information contained in the letter is cumulative, for it merely recites that there was an incorrect notation as to Holden's conviction, which was later corrected by a journal entry. This information was available to the court prior to its decision.

We hold that the trial court did not abuse discretion when it denied BMV's Civ. R. 60(B) motion. The second assignment of error is overruled. Based upon our disposition of the first assignment of error, we reverse the trial court and enter judgment for BMV.

*Judgment reversed.*

CACIOPPO, P. J., concurs.
QUILLIN, J., dissents.

Because I believe the state has no right of appeal, I respectfully dissent.

When a special provision in a remedial law is inconsistent with the general provisions of sections of the Revised Code relating to procedure on appeal, the special provision will govern. See R.C. 1.12. While R.C. 2505.03 sets forth the general of appellate jurisdiction, R.C. 2335.39 specifically provides the procedure by which an appeal may be taken in an action to recover attorney's fees from the state. Thus, an appeal from such an action must be taken as R.C. 2335.39 prescribes and only by those parties authorized by the statute. See *In re Highland Holiday Subdivision* (1971), 27 Ohio App. 2d 237, 238; *Gregg* v. *Mitchell* (1955), 99 Ohio App. 350, 353-54. It is evident from the language employed in R.C. 2335.39 prescribes and only by those parties authorized by the statute. See *In re Highland Holiday Subdivision* (1971), 27 Ohio App. 2d 237, 238; *Gregg* v. *Mitchell* (1955), 99 Ohio App. 350, 353-54. It is evident from the language employed in R.C. 2335.39 that the right

to appeal is given only to the prevailing eligible party who, by definition, cannot be the state. R.C. 2335.39(A)(2)(a).

The Ohio act is patterned after the Federal Equal Justice Act, ("FEJA") Section 2412, Title 28, U.S. Code. In the FEJA, Congress chose to expressly grant the government a right to appeal a fee award. Section 2412(f), Title 28, U.S. Code. Unlike the federal act, R.C. 2335.39 is conspicuously silent in regard to the state's right to appeal. If the Ohio General Assembly had intended to allow the state to appeal an award of fees it would surely have used language similar to that used in the federal statute.

The statute was obviously designed to ameliorate the financial hardship brought upon one against whom the state had unjustifiably initiated civil legal proceedings. The General Assembly was free to place whatever restrictions it chose on this new right.

It would not be unreasonable for the General Assembly to intend that the state should not further entangle a wronged citizen with additional appellate proceedings.

I would dismiss the appeal.