OPINION
On February 7, 1959, appellant, Agnes Bowen, and appellee, Robert Bowen, were married. On January 6, 1997, appellant filed a complaint for legal separation. On March 26, 1997, appellant filed a first amended complaint for divorce. The parties' principle asset was the marital home. Appraisals were conducted in an effort to value the property. A final hearing was held on June 25, 1998. By agreement, the parties valued the property at $72,400. By decree of divorce filed same date, the trial court granted the divorce and awarded the marital property to appellee subject to a $36,200 payment to appellant per the parties' agreement. On November 2, 1998, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) claiming "newly discovered evidence." A hearing was held on April 14, 1999. By judgment entry filed April 22, 1999, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED WHEN IT OVERRULED THE MOTION OF APPELLANT, AGNES BOWEN, TO SET ASIDE A PORTION OF THE PROPERTY SETTLEMENT THAT GROSSLY UNDER COMPENSATED THE PLAINTIFF/APPELLANT BASED UPON NEWLY DISCOVERED EVIDENCE.
 I
Appellant claims the trial court erred in denying her motion for relief from judgment. We disagree. A movant from relief from judgment under Civ.R. 60(B) must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Appellant's request for relief from judgment was based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." See, Civ.R. 60(B)(2); Holden v. Ohio Bur. of Motor Vehicles (1990), 67 Ohio App.3d 531. Appellant claims she just discovered the marital home valued at trial at $72,400 is actually worth $125,000 to $129,000. Prior to trial, an appraisal by agreement of both counsel valued the marital property at $72,400. T. at 20; Plaintiff's Exhibit 1. Appellant was dissatisfied with this appraisal because several acquaintances and family members had opined the value was too low. T. at 22, 43-46. Prior to trial, appellant had her own appraisal done and the value given by her appraiser was $70,500. T. at 21, 24, 46-47; Plaintiff's Exhibit 2. As to this appraisal, appellant "felt like tearing it up, because I didn't go along with him." T. at 24. The agreed value of the marital home at the final hearing was the amount of the first appraisal, $72,400. T. at 47, 50-51. The option for either party to purchase the property or sell the property to a third person was available. T. at 47-48. After the final hearing but before final settlement, appellant had a market analysis done by Ernest Cavanaugh, a real estate salesman, who valued the selling price of the property at $125,000 to $129,500. T. at 28-30, 63; Plaintiff's Exhibit 3. Mr. Cavanaugh opined the property alone without the home and the barn could sell for $35,000 to $50,000. T. at 64. The property with the barn only could sell for about $70,000 to $80,000. Id. Mr. Cavanaugh criticized the two appraisals. T. at 66-71. The two appraisers testified at the hearing and remained convinced of their original values. T. at 111, 131. We concur with the trial court that the issue of the marital property's value had been raised and argued by appellant and was known to her prior to her signing the final decree. Prior to signing the decree containing the $72,400 agreed value, appellant had talked to her attorney and several acquaintances and family members about the property's value. Appellant also had her own appraisal conducted. Despite the opinions she received about the value being too low, appellant signed the divorce decree. The fact that appellant managed to find a real estate salesman who valued the selling price of the property higher than the agreed value after the signing of the decree is not "newly discovered evidence which by due diligence could not have been discovered in time." Mr. Cavanaugh is a member of the community and has been a realtor for six years. T. at 57. Upon review, we find the trial court did not err in denying appellant's motion for relief from judgment. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
By FARMER, J. GWIN, P.J. and HOFFMAN, J. concur.