This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Rory and Harold Wright, appeal from the decision of the Summit County Court of Common Pleas, which denied their Civ.R. 60(B) motion for relief from judgment. We affirm.
 I.
On November 20, 1998, Appellants filed a medical malpractice complaint against Appellees, Brian W. Davies and Brian W. Davies, Inc., and a local hospital that Appellants later dismissed from the complaint. The final amended complaint alleged a breach of the standard of medical care pertaining to the treatment and care arising from a surgical procedure performed on Mrs. Wright on June 4, 1997.
A jury trial commenced on February 16, 2000, and the jury returned a verdict for Appellees on February 29, 2000. Almost a year later, on January 18, 2001, Appellants filed a Civ.R. 60(B) motion for relief from judgment. Appellants claimed in their motion that there exists newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(B). On April 3, 2001, the court held an evidentiary hearing and ultimately denied the motion on November 6, 2001. This appeal followed. Appellants present one assignment of error for review.
 II. Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT IN THAT THE COURT FAILED TO CONSIDER PROBATIVE CREDIBLE EVIDENCE IN RENDERING THE DECISION."
Appellants contend in their sole assignment of error that there exists newly discovered evidence of such weight that Civ.R. 60(B) relief is warranted, and that the trial court "missed that fact and clearly erred in finding that no such evidence was presented." We disagree.
We begin our discussion by noting that a trial court's ruling on a motion to vacate judgment pursuant to Civ.R. 60(B) will be upheld absent an abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Appellants claim they are entitled to relief under Civ.R. 60(B)(2), (3), and (5). Civ.R. 60(B) states in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 "(3) fraud * * *, misrepresentation or other misconduct of an adverse party;
 "(5) any other reason justifying relief from the judgment."
In order to prevail on a motion for relief under Civ.R. 60(B), the movant must demonstrate (1) the movant has a meritorious claim to present if relief were granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief include sections (1), (2), or (3), no longer than one year after judgment order was entered. GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "Should any prong of the standard for granting motions brought under Civ.R. 60(B) be unsatisfied, relief shall be denied." Argo Plastic Prod. Co. v. Cleveland (1984), 15 Ohio St.3d 389,391.
Civ.R. 60(B)(2) places upon the moving party the burden of demonstrating:
 "(1) that the evidence was actually `newly discovered'; that is, it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." Holden v. Ohio Bur. of Motor Vehicles (1990), 67 Ohio App.3d 531, 540. (Citations omitted.)
Appellants' claim of newly discovered evidence necessitates a review of the evidence available at the time of trial.
During the course of discovery, Appellants determined that Dr. Brian Davies had a history of substance abuse in the 1980's. As a result of that abuse, the State Medical Board of Ohio (the "Board") intervened, suspended Dr. Davies' license for three months, and imposed a probationary period that terminated on October 16, 1989.
Nine years later, in 1998, the Board instituted a new investigation of Dr. Davies' alleged substance abuse. In the course of this investigation the Board established that, on or about October 8, 1998, Dr. Davies admitted to the Board's investigator that, after undergoing two hand surgeries in April 1998, he began abusing the controlled substance Vicodin. On June 9, 1999, the Board adopted findings of fact and conclusions of law that determined Dr. Davies had inappropriately taken the controlled substances Lorcet and Vicodin from late 1997 through April 1998.
Having obtained this information for use at deposition and trial, Appellants attempted to ascertain whether Dr. Davies was under the influence of controlled substances at the time of his treatment and surgery on Mrs. Wright in early 1997. During a December 18, 1999 deposition, Appellants' counsel asked Dr. Davies if he had been under the effect of any medication during Mrs. Wright's surgery and if there were any criminal investigations pending against him. Dr. Davies' counsel instructed him not to answer either question. Dr. Davies' first surgical assistant during Mrs. Wright's surgery was Patricia Houck. Ms. Houck was deposed on February 3, 2000, at which time Appellants' counsel asked her questions about Dr. Davies' drug use. Counsel instructed her not to answer. In a February 22, 2000 order, the Summit County Court of Common Pleas ordered Dr. Davies and Ms. Houck to answer the questions posed in their depositions that counsel instructed them not to answer, "specifically regarding medication [Dr. Davies] was taking at the time he treated [Mrs. Wright]."
Dr. Davies and Ms. Houck were newly deposed on February 14, 2000. Appellants' counsel asked Dr. Davies if in 1997 he had taken pain medication for an injury sustained in a 1996 automobile accident. Dr. Davies responded that he had, but not until October 1997. He further testified that between December 1996 and June 1997, he took no prescription pain relievers, relying solely on common anti-inflammatories such as Motrin, Advil and Naprosyn. Dr. Davies testified that his office had no recording and accounting procedures for samples left by drug companies and it is possible for office personnel to access those samples unbeknownst to others. Nonetheless, he testified that he did not use the samples, any other prescription pain medication, any illegal substances, or cocaine between January and August of 1997. Dr. Davies disclosed that beginning in October 1997 he used the drug Lorcet to promote sleep. He stated that he began to take the narcotic Vicodin for pain relief after February 1998.
Ms. Houck confirmed in her deposition that Dr. Davies took anti-inflammatories from December 1996 through 1997, that she was unaware of any other medications he may have been taking in 1997, and that she observed no behaviors that would lead her to conclude otherwise.
The trial court determined that the above evidence of drug use was not relevant in time to Mrs. Wright's surgery, and did not permit the evidence to go to the jury during the trial. This ruling was not appealed.
Appellants base their motion on the fact that three weeks after trial, the Summit County grand jury returned an indictment on March 23, 2000, for 18 counts of aggravated trafficking in drugs against Dr. Davies. The dates of the indicted offenses are October 1998, and January, April, May, and June of 1999. The same grand jury returned an indictment of 4 counts of illegal processing of drug documents against Patricia Houck for the dates of June and July 1999. Dr. Davies pled no contest, was found guilty and sentenced on all counts. Ms. Houck pled guilty to her four counts and was placed in drug treatment.
It is Appellants' assertion that these indictments and the underlying criminal investigation leading to the indictments are newly discovered evidence which is dispositive on the issue of drug use in early 1997 (the relevant time at issue), entitling them to relief under Civ.R. 60(B)(2). Appellants also claim this evidence is proof of fraud or misrepresentation because it is inconsistent with Dr. Davies' and Ms. Houck's depositions and/or testimony entitling Appellants to relief under Civ.R. 60(B)(3). Appellants also believe the new evidence is proof of fraud upon the court entitling them to relief under Civ.R. 60(B)(5).
Appellees counter that Dr. Davies' substance abuse problems during the time periods in the indictments were well known to opposing counsel, since they obtained the information from the State Medical Board of Ohio and attempted to use the information in deposing Dr. Davies and Ms. Houck. Therefore, the criminal investigation and indictments cannot be newly discovered evidence, but merely evidence of facts already established. Further Appellees argue that the indictments are not indicators of fraud or misrepresentation of drug use in 1997, since the dates in the indictments do not speak to drug use in 1997.
The trial court conducted an evidentiary hearing on April 3, 2001, stating on the record the court's "grave concerns" over the possibility that some testimony was perjured. The sole witness was Detective Robert Bailey of the Pharmaceutical Diversion Unit of the City of Akron Police Department. Detective Bailey was the investigating officer in the criminal investigation involving Dr. Davies and Ms. Houck. The court permitted Detective Bailey's testimony over objections because "I want to know exactly what he has to tell me about 1997," and expressing determination "to get to the bottom of this." The court directed the questions to the period of 1997, telling the parties that "if you can't narrow it down to the year in question, it's going to be tough for me to grant any relief."
Detective Bailey testified that he contacted the Ohio Board of Pharmacy and received a prescription profile for Dr. Davies that contains a list of prescriptions written by Dr. Davies for controlled substances over a specific period of time. Detective Bailey testified that during his investigation of Ms. Houck, she stated that she started taking samples of Lorcet from Dr. Davies' office for back pain in 1997. Detective Bailey also stated that the profile indicated that a Rozanne Giampietro, a relative of Houck, had numerous prescriptions written by Dr. Davies between January and June of 1997 for Vicodin and Lorcet which were filled at various pharmacies in the area. Detective Bailey stated that these prescriptions were not the subjects of any indictments, however, based upon his investigation, it was his belief that these drugs were shared between Houck and Dr. Davies. When asked specifically about a time frame for sharing drugs, Detective Bailey stated that Houck and Dr. Davies shared Demerol in 1999. The court re-directed the witness' attention to 1997, asking, "Do you have any information for the court regarding illegal, illicit drug use * * * by these individuals in 1997?" Detective Bailey responded his information was only that the individuals named in the prescriptions had no knowledge of the prescriptions, and Detective Bailey gleaned from conversations with Dr. Davies "that these things were issued to these people without their knowledge and that was [Dr. Davies'] drug of choice."
During cross-examination, Detective Bailey testified that Dr. Davies discussed his past drug abuse with Detective Bailey, but Detective Bailey was uncertain when the past abuse had occurred. Detective Bailey stated that his own investigation did not target drug abuse in 1997 and Dr. Davies' signed statement did not reference drug use in 1997. Nonetheless, on re-direct examination, Detective Bailey asserted that at the time it was his belief that Dr. Davies had abused drugs in 1997 because Dr. Davies had written prescriptions for other people without their knowledge in 1997, and the same drugs in the prescriptions were Dr. Davies' drugs of choice in his later substance abuse. On re-cross examination, Detective Bailey testified that he had never observed Dr. Davies use drugs in 1997, and that although Ms. Houck confessed that Dr. Davies wrote illegal prescriptions for her in 1997, she did not say that Dr. Davies used the drugs himself.
On November 6, 2001, the trial court issued its ruling denying the Civ.R. 60(B) motion. The court ruled that Appellants knew of the drug abuse before the trial, that the abuse did not correspond to the relevant time at issue, and that the testimony regarding the criminal investigation, while newly discovered, did not cover new ground. The order stated that the criminal conviction for drug trafficking did not prove drug use or abuse, and while it may be relevant for impeachment purposes, it was not relevant to the material issues as required to obtain relief from judgment. The court also questioned the admissibility of the new evidence given the prior ruling disallowing the introduction of drug abuse evidence during times not relevant to Mrs. Wright's surgery. The order concludes by stating that there was insufficient evidence related to drug abuse by Dr. Davies in 1997 to grant a new trial.
Apparently, it is Appellants' position that Detective Bailey's subjective belief of Dr. Davies' drug use in 1997 is absolute, dispositive evidence of drug use by Dr. Davies in 1997 and is sufficient evidence to award a new trial. Appellants' assert that if they could present Detective Bailey's belief along with an expert opinion on the effects of drug abuse conducted simultaneously with surgery, then they could prevail on the merits. Detective Bailey's belief is based upon the fact that Dr. Davies wrote prescriptions for certain substances in 1997 which he later was known to be abusing in 1998. The testimony shows that what is known for certain is that Dr. Davies wrote prescriptions for Patricia Houck's relatives in 1997, that Houck herself was using drugs in 1997, and that Dr. Davies was using drugs in 1998. There was no evidence presented that would prove Dr. Davies used drugs in 1997 other than Detective Bailey's inference.
Although the fact of the criminal investigation was unavailable at the time of trial, the trial court did not neglect to consider it, but found it to be merely impeaching, cumulative, and immaterial. Appellants did not demonstrate to the trial court's satisfaction that this new evidence is admissible. A failure to show they would prevail on the merits is fatal to a Civ.R. 60(B) claim of newly discovered evidence.
Appellants have not advanced any arguments demonstrating that the trial court's ruling is arbitrary, capricious or unconscionable. Therefore, we cannot say that the trial court abused its discretion when it denied Appellants' motion. Appellants' sole assignment of error is overruled.
Appellants have proposed further arguments under different sections of Civ.R. 60(B), but all arguments are based upon the testimony derived from the newly discovered evidence. Because Appellants have not shown that such evidence is admissible, enabling them to prevail on the merits, the other arguments under different sections of Civ.R. 60(B) are moot.
 III.
Appellants' sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
CARR, J., BATCHELDER, J. CONCUR.