JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Marcus Blalock appeals from a decision of the Cuyahoga Court of Common Pleas denying his motion for a new trial. On appeal, defendant claims that he has obtained new evidence, not available at the time of trial, that shows he is innocent of the offenses for which he was convicted. Defendant also argues that the trial court erred in failing to conduct a hearing on his motion. For the following reasons, we reject his contentions and affirm the decision of the trial court. The record presented to us on appeal reveals the following: Defendant, along with Arketa Willis, Ernest McCauley, and Dion Johnson, were indicted by the Cuyahoga County Grand Jury for various offenses concerning the homicide of Howard Rose on March 23, 2001.
 {¶ 2} On August 27, 2001, defendant was convicted of one count of murder with a firearm specification, two counts of aggravated murder with a firearm specification, kidnaping with a firearm specification, aggravated robbery with a firearm specification, tampering with evidence, and obstruction of justice. He appealed from the judgment and this Court affirmed all but his obstruction of justice conviction inState v. Blalock, Cuyahoga App. Nos. 80419, 80420, 2002-Ohio-4580.[1]
Defendant thereafter filed a motion for new trial or post-conviction relief arguing that two of the co-defendants, Ernest McCauley and Dion Johnson, made exculpatory statements in their pre-sentence reports and at McCauley's subsequent trial.
 {¶ 3} On October 15, 2002, the trial court denied defendant's motion without a hearing. Defendant timely appealed and raises two assignments of error for our review.
 {¶ 4} "I. Defendant was denied due process of law when the court did not award a new trial."
 {¶ 5} In his first assignment of error, defendant argues that his conviction is based on perjured testimony and that he is entitled to a new trial based on newly discovered evidence. The State maintains that the statements made by the two co-defendants were available prior to trial and are not new evidence.
 {¶ 6} The decision whether to grant or deny a motion for new trial on the basis of newly discovered evidence is committed to the sound discretion of the trial court. State v. Matthews (1998), 81 Ohio St.3d 375. An appellate court will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. State v. Hawkins
(1993), 66 Ohio St.3d 339, 350. An abuse of discretion is more than a mere error in judgment; it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} A defendant seeking a new trial based on the ground of newly discovered evidence bears the burden of demonstrating to the trial court that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v. Petro (1947),148 Ohio St. 505; Hawkins, supra at 350.
 {¶ 8} With these principals in mind, we proceed to evaluate whether the statements made by two of the co-defendants constitute newly discovered evidence which would have affected the outcome of the trial.
 {¶ 9} Here, Ernest McCauley, in his statement to the probation officer on October 3, 2001, indicated that Arketa Willis called him on March 23, 2001, told him that she had shot the victim, and asked him to come over. He further indicated that he and Dion Johnson went to Willis' house and then called defendant to come over. He stated that he, Johnson and the defendant merely moved the victim's body into the back of the truck.
 {¶ 10} Dion Johnson, in his statement to the probation officer on August 16, 2001, indicated that he was cutting the defendant's hair when he received a phone call from McCauley telling him that Willis had shot someone. He indicated that he and the defendant went over to the scene and helped to move the body into the truck. Johnson testified to essentially the same facts at McCauley's subsequent trial which began on September 17, 2002.
 {¶ 11} Defendant claims that McCauley's and Johnson's statements to the probation officer and Johnson's trial testimony amounted to exculpatory evidence which shows that he is innocent of the offenses for which he has been convicted. He claims that their statements demonstrate that Willis and/or McCauley are the ones responsible for the victim's death and that his conviction is based on perjured testimony. We are not persuaded that defendant's "newly discovered evidence" would have affected his trial result. First, Johnson's trial testimony and the statements made by McCauley and Johnson in the pre-sentence reports, which name Willis as the one who killed Howard Rose, offer no new revelations. McCauley and Johnson provided the same story to the police in videotaped statements taken by the police which were given to defendant prior to trial. Johnson's trial testimony and the contents of the pre-sentence report only corroborate statements made by the co-defendants which were known to the defendant prior to trial.
 {¶ 12} Because the contents of the co-defendant's statements were known by the defense prior to and at trial, the statements contained in the pre-sentence reports and Johnson's trial testimony cannot be described as "new evidence" that "has been discovered since trial" and that "could not in the exercise of due diligence have been discovered prior to trial." State v. Scott (Sept. 21, 2001), Mahoning App. No. 98 CA 124. Accordingly, the trial court did not abuse its discretion in denying the defendant's motion for a new trial. See Ibid; State v. Smith (May 10, 2001), Cuyahoga App. No. 78229; Holden v. Ohio Bureau of MotorVehicles (1990), 67 Ohio App.3d 531.
 {¶ 13} Defendant's first assignment of error is overruled.
 {¶ 14} "II. Defendant was denied due process of law when the court did not at least grant an evidentiary hearing concerning defendant's allegations."
 {¶ 15} In his second assignment of error, defendant argues that the trial court erred in failing to conduct an evidentiary hearing on his motion for a new trial. We disagree. The decision on whether to hold a hearing on a motion for a new trial lies within the trial court's discretion. State v. Smith (1986), 30 Ohio App.3d 138, 139. Since the defendant failed to present any new evidence in support of his motion for a new trial, we find no abuse of discretion by the trial court in deciding that the motion did not warrant an oral hearing. Accordingly, the assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] The matter was remanded for resentencing in compliance with R.C. 2929.14(E)(4).