JOURNAL ENTRY and OPINION
{¶ 1} Defendant Frank Fragedakis appeals from an order dismissing plaintiff Nick Papadelis' complaint for breach of contract. For two reasons, we lack a final appealable order and dismiss the appeal.
 {¶ 2} Papadelis and Fragedakis entered into a relationship to own and manage certain rental properties. Fragedakis supplied the capital (the properties were titled in his name) and Papadelis managed the properties. When their relationship soured, Papadelis filed a complaint seeking damages for breach of contract. He asked that the court appoint a receiver for the properties and that the properties be partitioned.
 {¶ 3} The court referred the case to mediation. The parties eventually reached an agreement to settle the case, and the court reduced the terms of the settlement agreement to judgment. The parties agreed that the court would reserve jurisdiction to enforce the agreement if necessary.
 {¶ 4} Just three months later, Fragedakis filed a motion to enforce the settlement agreement. In response, the court granted the motion to enforce the settlement agreement and appointed a receiver to oversee the terms of the settlement.[1] Papadelis filed a motion to void the settlement agreement on grounds that Fragedakis fraudulently concealed information that one of the properties had been encumbered by a mortgage without Papadelis' knowledge. The court granted Papadelis' motion and vacated the settlement agreement. It ordered that Fragedakis hold the properties while a magistrate tried issues of law and fact relating to the complaint.
 {¶ 5} Papadelis then sought leave to amend his complaint. The court granted leave, but Papadelis failed to file the amended complaint. The court thus dismissed the case without prejudice "for failure to prosecute."
 {¶ 6} Fragedakis filed his notice of appeal on March 4, 2005. Appended to the notice of appeal are two judgments: the April 8, 2004 order vacating the settlement agreement and the February 2, 2005 order dismissing the case without prejudice.
 I {¶ 7} Pursuant to R.C. 2505.02(B)(3), an order that vacates a judgment is considered a final order that may be reviewed on appeal. If Fragedakis wanted to challenge the court's decision to vacate the settlement agreement, he had to do so within 30 days of that decision. See App.R. 4(A). By waiting nearly 11 months to file a notice of appeal relating to the vacation of the settlement agreement, he filed the notice of appeal well outside of the rule. See Kahler v. Capehart, Seneca App. No. 13-03-55, 2004-Ohio-2224, at ¶ 7. We have no jurisdiction to review any issues relating to this order.
 II {¶ 8} Fragedakis cannot appeal from the February 2, 2005 dismissal without prejudice because he does not have standing. In Ohio ContractCarriers Assn., Inc. v. Public Utilities Comm. (1942), 140 Ohio St. 160, the syllabus states:
 {¶ 9} "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."
 {¶ 10} Fragedakis cannot show that he has been injured by the dismissal without prejudice. The court dismissed Papadelis' complaint, not that of Fragedakis. Moreover, Fragedakis had no outstanding counterclaims or other stake in the litigation that would have affected his right as a litigant. In fact, Fragedakis had filed a motion to dismiss on grounds that Papadelis had not filed an amended complaint as permitted by the court. Although the court denied that motion, it later did dismiss the case on the same grounds as requested by Fragedakis — albeit without prejudice. In any event, Fragedakis received the relief he had been seeking: the court dismissed the case. Since Fragedakis has suffered no injury, apart from the vacation of the settlement agreement, he has no standing to prosecute an appeal.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J., and Anthony O. Calabrese, Jr.,J., concur.
[1] At this point, Papadelis tried to dismiss his complaint without prejudice. The court refused to accept the dismissal on grounds that the case had been dismissed by the settlement, subject merely to jurisdiction for enforcement.