[Cite as *State ex rel. Ohio Atty. Gen. v. Mohiuddin*, 2025-Ohio-2692.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ohio Attorney General, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-369 |
| v. | : | (C.P.C. No. 21CV-1120) |
| Leah Mohiuddin et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 31, 2025

**On brief:** *Dave Yost*, Attorney General, *T. Elliot Gaiser*, and *Jana M. Bosch*, for appellant. **Argued:** *Jana M. Bosch*.

**On brief:** *Luther L. Liggett, Jr.*, for appellee Casey Goleb. **Argued:** *Luther L. Liggett, Jr.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, the Ohio Attorney General ("the state"), appeals from a decision and judgment entry of the Franklin County Court of Common Pleas granting an award of attorney fees to defendant-appellee, Casey Goleb. For the following reasons, we conclude this court lacks jurisdiction to hear the state's appeal and, therefore, we dismiss the appeal.

## I. Facts and Procedural History

{¶ 2} On February 22, 2021, the state filed a complaint against Leah Mohiuddin and appellee, Casey Goleb, seeking to recover funds pursuant to R.C. 117.28 based on a finding for recovery in the state auditor's audit report for the state for the year ending June 30, 2014. The complaint alleged that Goleb was hired at Mohiuddin's direction to be

an English Language Learners ("ELL") instructor at the Sunrise Academy, a chartered nonpublic school in the Hilliard City School District. Goleb's compensation and benefits for the relevant period were charged to the school district's Auxiliary Services Fund which was provided by the Ohio Department of Education. The state's complaint alleged, as determined in the auditor's report, that there was no evidence that Sunrise Academy provided an ELL program or ELL services to its students. The state sought to recover a judgment against Mohiuddin and Goleb, jointly and severally, in the amount of $268,127.83, plus interest.[1]

{¶ 3} On March 31, 2021, Mohiuddin filed an answer and affirmative defenses to the complaint. On April 14, 2021, Mohiuddin filed a third-party complaint against third-party defendants, Mouhamed Nabih Tarazi, Sunrise Academy, the Hilliard City School District ("the school district"), and Brian Wilson as treasurer of the school district. The third-party complaint alleged that Mohiuddin acted at the direction and control of Tarazi and that she should be entitled to indemnification and/or contribution from the third-party defendants if found liable. Mohiuddin also alleged that the school district and Wilson breached a duty owed her and Goleb by directing and facilitating the payments at issue. Mohiuddin also sought indemnification from the third-party defendants should she be found liable under the state's complaint.

{¶ 4} Between April 2021 and January 2022, the parties submitted competing dispositive motions. On November 15, 2021, Goleb filed an answer to the state's complaint.

{¶ 5} By a decision dated April 18, 2022, the trial court granted Tarazi and Sunrise Academy's motion to dismiss, concluding that Mohiuddin's claim for indemnification against them had not yet accrued because she had not been found liable under the state's complaint. On the same day, the trial court issued a decision granting the motion to dismiss and for summary judgment filed by the school district and Wilson. The trial court also issued a decision denying Mohiuddin and Goleb's motion to dismiss or, in the alternative, for summary judgment and, by the same decision, denied the state's motion for summary judgment.

{¶ 6} A jury trial was scheduled to begin on December 12, 2022. On December 8, 2022, the trial court received a notice stating that Mohiuddin had filed a bankruptcy

---

[1] The judgment amount sought was based on the auditor's finding that Goleb was paid $198,746 in compensation and benefits, plus a calculation of interest.

petition which invoked an automatic stay under federal law. On September 26, 2023, on the request of Goleb and the state, the trial court issued a decision granting the state's motion to reactivate its claims against Goleb, and it set the case for a trial.

{¶ 7} A jury trial began on January 29, 2024. Following the three-day trial, the jury found that the state did not prove its claims against Goleb by a preponderance of the evidence and the court therefore issued judgment in favor of Goleb and against the state.

{¶ 8} On February 8, 2024, Goleb moved for attorney fees pursuant to R.C. 2335.39. The state filed a response in opposition.

{¶ 9} The trial court held a hearing on the motion for attorney fees on April 18, 2024. On May 17, 2024, the trial court issued a decision granting Goleb's motion for attorney fees in the amount of $48,362.24.

{¶ 10} The state filed a timely appeal.

## II. Assignment of Error

{¶ 11} The state appeals and assigns the following sole assignment of error for our review:

> The trial court erred in granting attorneys' fees under R.C. 2335.39. *See* Decision and Entry (filed May 17, 2024).

## III. Discussion

{¶ 12} After oral argument was held in this case, this court requested supplemental briefing from the parties on the following question:

> R.C. 2335.39(B)(2)(b) provides in part: "An order of a court considering a motion under this section is appealable as in other cases, **by a prevailing eligible party that is denied an award or receives a reduced award.** If the case is an appeal of the adjudication order of an agency pursuant to section 119.12 of the Revised Code, the agency may appeal an order granting an award." (Emphasis added.) In light of this language, or any other relevant law, and given that this proceeding does not appear to involve an appeal of an adjudication order of an agency pursuant to R.C. 119.12, is the state prohibited from filing an appeal of the trial court's order granting an attorney's fees award in this action?

*State ex rel. Ohio Atty. Gen. v. Mohiuddin et al.*, No. 24AP-369 (10th Dist. May 16, 2025) (journal entry).

{¶ 13} We start with the supplemental briefing question, which presents an issue of statutory interpretation, because it implicates whether this court has jurisdiction to hear the state's appeal.

{¶ 14} "[O]ur paramount concern" in statutory interpretation "is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 2004-Ohio-4960, ¶ 21, citing *State ex rel. United States Steel Corp. v. Zaleski*, 2003-Ohio-1630, ¶ 12. "In determining this intent, we first review the statutory language, reading words and phrases in context and construing them according to the rules of grammar and common usage." *Id.*, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 2000-Ohio-65, and R.C. 1.42. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 15} In relevant part, R.C. 2335.39(B)(2)(b) states as follows:

> An order of a court considering a motion under this section is appealable as in other cases, by a prevailing eligible party that is denied an award or receives a reduced award. If the case is an appeal of the adjudication order of an agency pursuant to section 119.12 of the Revised Code, the agency may appeal an order granting an award. The order of the court may be modified by the appellate court only if it finds that the grant or the failure to grant an award, or the calculation of the amount of an award, involved an abuse of discretion.

{¶ 16} The plain language of the statute describes an appeal in two scenarios. First, a "prevailing eligible party" can appeal a denied or reduced attorney fee award. Pursuant to R.C. 2335.39(A)(2), an "eligible party" is a party to an action or appeal involving the state but is not the state itself.[2] A "prevailing eligible party" is an eligible party that prevails in an action or appeal involving the state. R.C. 2335.39(A)(5). The second appeal scenario in the statue allows a state agency to appeal an order that awards attorney fees against it if the case is an appeal of an agency adjudication order pursuant to R.C. 119.12. There is no

---

[2] In addition to excluding the state from the definition of "eligible party," the statute excludes certain other individuals from being eligible to obtain an attorney fee award, including an individual with a net worth exceeding one million dollars or a sole owner of a business that had a net worth exceeding five million dollars. *See* R.C. 2335.39(A)(2)(b) and (c).

language in R.C. 2335.39(B)(2)(b) expressly permitting the state to appeal an order granting an attorney fee award if the case does not involve an agency adjudication order.

{¶ 17} In its supplemental brief, the state argues that, notwithstanding the absence of language permitting the state to appeal here, the state has a general right to appeal under R.C. 2505.03 because an order granting attorney fees is a final order. The state further argues that the statute simply remedies a possible barrier to appeal by making an appeal available to a prevailing eligible party where one might not have otherwise been available.

{¶ 18} The court of appeals' jurisdiction is established by the Ohio Constitution. It states, in relevant part, "Courts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Ohio Const., art. IV, § 3(B)(2). Thus, the court of appeals' constitutional grant of appellate jurisdiction is that which is provided by statute. *See State v. Jones*, 2024-Ohio-2719, ¶ 28 (Kennedy, C.J., concurring), quoting Ohio Const., art. IV, § 3(B)(2) (noting that the Ohio Constitution does not include the as-provided-by-law language for the Ohio Supreme Court's jurisdiction which "contrasts with the court of appeals' appellate jurisdiction, which is 'such jurisdiction as may be provided by law' ").

{¶ 19} The state argues that R.C. 2505.03 is the controlling statute here because it grants the state a general right to appeal. R.C. 2505.03(A) states as follows:

> Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, *whichever has jurisdiction.*

(Emphasis added.)

{¶ 20} R.C. 2335.39 is the statute that is specific to the attorney fee proceedings from which the state seeks to appeal. And, as discussed above, R.C. 2335.39 does not contain language granting a right of appeal to the state. Instead, the statute expressly grants a right of appeal to a "prevailing eligible party" that is not the state, and to a state agency if the underlying appeal is of an adjudication order.

{¶ 21} Importantly, an attorney fee proceeding is permissible only by statute, not as a matter of course, because Ohio follows the "American rule" for attorney fees which means that each party is responsible for their own attorney fees notwithstanding an available

exception. *Ohio Fresh Eggs, LLC v. Boggs*, 2009-Ohio-3551, ¶ 11 (10th Dist.). One exception to the general rule is the existence of a statutory provision that allows a prevailing party to recover attorney fees. *Id.* R.C. 2335.39 is one such statute that permits a party to seek attorney fees in certain statutorily prescribed circumstances.[3] Just as R.C. 2335.39 permits attorney fees in certain prescribed circumstances, so does it prescribe the availability of an appeal with respect to attorney fee decisions made pursuant to the statute. "[W]here jurisdiction is dependent upon a statutory grant, courts are without authority to create jurisdiction when the statutory language does not. Only the General Assembly can do that." *Id.* at ¶ 20, citing *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals*, 40 Ohio St.3d 41, 43 (1988).

{¶ 22} Additionally, to the extent the general language of appeal in R.C. 2505.03 and the specific language of appeal in R.C. 2335.39 creates an ambiguity when read together, as the state seems to suggest, we rely on the "canon of statutory construction providing that when there is an apparent conflict between a specific statutory provision and a more general one, the more specific one governs." *Simmons v. Ohio Rehab. Servs. Comm.*, 2010-Ohio-1590, ¶ 4 (10th Dist.), citing *U.S. v. Perry*, 360 F.3d 519, 535 (6th Cir. 2004), and *State v. Aspell*, 10 Ohio St.2d 1, 4 (1967).

{¶ 23} The state also argues that we should infer from R.C. 2335.39 that the legislature simply intended to clarify that a prevailing party would be able to appeal when they might not otherwise because they prevailed below. We do not find the state's argument persuasive.

{¶ 24} As an initial matter, we note that "[w]e 'do not have the authority' to dig deeper than the plain meaning of an unambiguous statute 'under the guise of either statutory interpretation or liberal construction.' " *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8, quoting *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 347 (1994). Nonetheless, we address the state's argument for the sake of thoroughness.

{¶ 25} The state relies on case law which says that an appealing party must be someone who is "aggrieved or prejudiced by the judgment, order or decree" from which the party is appealing, quoting *Ohio Cont. Carriers Assn. v. Pub. Util. Commn.*, 140 Ohio St.

---

[3] R.C. 119.092 governs the availability of attorney fees related to administrative proceedings under Chapter 119 and sets forth the appellate rights corresponding to the attorney fee proceedings in similar language to that present in R.C. 2335.39.

160, 161 (1942) (internal quotation omitted), and citing *State ex rel. Winfree v. McDonald*, 2016-Ohio-8098, ¶ 8, and *Papadelis v. Fragedakis*, 2005-Ohio-6008, ¶ 8-10 (8th Dist.). (Appellant's Supp. Brief at 5.)  The state contends that the language in R.C. 2335.39 simply makes clear that a party that prevails below can otherwise appeal.

{¶ 26}  The language in R.C. 2335.39 at issue here allows a "prevailing eligible party" to appeal when it has been *denied* an award or awarded *something less* than what it requested, or it allows an agency to appeal an order granting an award *against it* if the appeal is of an agency adjudication order.  In other words, contrary to the state's characterization, the statute does indeed provide for an appeal to the party aggrieved or prejudiced by the attorney fee decision below and, therefore, the statute does not offer the clarification that the state suggests it does.

{¶ 27}  Moreover, if R.C. 2505.03 meant that *every order* can be appealed without an express statutory prohibition, as the state suggests, (Appellant's Supp. Brief at 2), then it is unclear why R.C. 2335.39(B)(2)(b) would need to expressly *permit* an appeal for a prevailing eligible party or a state agency in an appeal of an adjudication order.  R.C. 2505.03 does not, for example, state that only someone aggrieved or prejudiced by a judgment can appeal.  Yet that is a recognized limitation in the case law that the state asks this court to read into the language of R.C. 2335.39.

{¶ 28}  Ultimately, the state's interpretation would require us to read the permissive appeal language in R.C. 2335.39 as superfluous, or mere surplusage.  *See D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 2002-Ohio-4172, ¶ 26, quoting *E. Ohio Gas Co. v. Pub. Util. Comm.*, 39 Ohio St.3d 295, 299 (1988) (noting that "[a] basic rule of statutory construction requires that 'words in statutes should not be construed to be redundant, nor should any words be ignored,' " so that "[n]o part should be treated as superfluous unless that is manifestly required"); *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 7 (cautioning against interpreting a statute as containing "surplusage" and instead giving "effect to the words used"); *Huntington Natl. Bank v. 199 S. Fifth St. Co., LLC*, 2011-Ohio-3707, ¶ 18 (10th Dist.) (noting that a conclusion that would render some of the words in the statute surplusage would violate the rules of statutory construction).

{¶ 29}  In 1991, the General Assembly amended R.C. 2335.39 to make clear that a state agency may appeal an order granting an attorney fee award.  The amendment took place after a decision from the Ninth District Court of Appeals in *Holden v. Ohio Bur. of*

*Motor Vehicles*, 67 Ohio App.3d 531 (9th Dist. 1990). In *Holden,* the Ohio Bureau of Motor Vehicles ("BMV") suspended a motorist's license on what turned out to be an erroneous report that the driver had pleaded guilty to leaving the scene of an accident. *Id.* at 534. The motorist appealed the suspension to the court of common pleas and, while the appeal was pending, the BMV realized its error and reinstated the license. *Id.* The appeal was dismissed but the motorist moved for attorney fees under R.C. 2335.39, which the trial court granted. *Id.* The BMV appealed. *Id.* The court of appeals rejected Holden's argument that R.C. 2335.39 did not grant a right of appeal to the state agency. *Id.* at 536. Notably, however, Holden's appeal was an administrative appeal made under R.C. 119.12. *Id.* at 538 (noting that Holden moved for attorney fees in the context of an appeal under R.C. 119.12).

{¶ 30} One year after *Holden* was decided, the General Assembly amended R.C. 2335.39(B)(2)(b) to add the following sentence: "If the case is an appeal of the adjudication order of an agency pursuant to section 119.12 of the Revised Code, the agency may appeal an order granting an award." 1991 Am.Sub.H.B. No. 615. In doing so, the General Assembly did not also add language to grant the state a general right to appeal in cases not involving agency adjudications.

{¶ 31} Regardless of what the General Assembly's motivation for the amendment might have been, it remains that the plain language of R.C. 2335.39(B)(2)(b) does not contain permission for the state to appeal an attorney fee award under R.C. 2335.39 if an agency adjudication order pursuant to R.C. 119.12 is not the subject of the underlying appeal.[4] Because the instant appeal does not involve such a circumstance, we rely on the plain language of the statute and find that R.C. 2335.39(B)(2)(b) does not permit the appeal the state seeks here. For that reason, we conclude this court lacks jurisdiction to hear the appeal.

---

[4] We note that it appears the state is not without recourse and could pursue a writ of mandamus. *See, e.g., State ex rel. Ohio Dept. of Health v. Sowald*, 1992-Ohio-1 (reversing the court of appeals decision to deny a writ of mandamus to compel an agency hearing officer to vacate an award of attorney fees to appellee under R.C. 119.092, the statutory counterpart to R.C. 2335.39 relevant to administrative proceedings). *See also* Christopher J. Costantini & Michael J. Skindell, *Fee Shifting in Ohio: An Overview of Ohio's Version of the Equal Justice Act*, 18 Cap. U.L. Rev. 201, 208-09 (1989) ("Although the Ohio Act does not specifically grant an agency or the state a right to appeal an adverse decision on a motion for attorney fees, the government is not entirely without recourse to seek legal redress from certain decisions. If a decision to award attorney fees was either unlawful or unreasonable or involved an abuse of discretion, the agency or state may be able to obtain a writ of mandamus to have the decision vacated.").

## IV. Conclusion

{¶ 32} For the foregoing reasons, we conclude that R.C. 2335.39(B)(2)(b) does not permit the state to appeal the attorney fee award in this case.  As a result, this court lacks jurisdiction to hear the state's appeal and, therefore, we dismiss the appeal.

*Appeal dismissed.*

EDELSTEIN and DINGUS, JJ., concur.

————————————